* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission AFFIRMS the Order of Deputy Commissioner George T. Glenn, II.
 * * * * * * * * * * * ISSUES
The issues raised by Defendants on appeal from Deputy Commissioner Glenn's October 9, 2006, Order are as follows: *Page 2 
 1. Did Deputy Commissioner Glenn have jurisdiction to hear Plaintiff's motion?
 2. Did Defendants fail to provide payment to Plaintiff's counsel are required by the December 31, 2003, and January 26, 2005, Opinions and Awards of the North Carolina Industrial Commission?
 3. If Defendants did so fail, is it fair and just for Defendants to provide such accrued payments to Plaintiff's counsel without deduction from the compensation payments made to Plaintiff?
 * * * * * * * * * * *
Based on the evidence presented and the reasonable inferences arising therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The record of the prior proceedings in this matter before the Industrial Commission, including the December 31, 2003, Opinion and Award of Deputy Commissioner Glenn and the January 26, 2005, Opinion and Award of the Full Commission, is incorporated herein by reference.
2. Plaintiff began working for Defendant-Employer, a furniture manufacturer, in 1996 as a cushion sewer. As a result of her job duties with Defendant-Employer, Plaintiff subsequently contracted bilateral carpal tunnel syndrome. Defendants admitted liability for Plaintiff's bilateral carpal tunnel syndrome on a Form 60 agreement filed June 22, 2000.
3. Following carpal tunnel release surgery in July and August 2000, Plaintiff was determined to be at maximum medical improvement by Dr. Timothy H. Kirkland on September *Page 3 
22, 2000, and was released to return to work without restrictions at that time. However, Plaintiff did not return to work at that time.
4. On November 14, 2000, Defendants filed a Form 24 application to terminate Plaintiff's disability benefits. Defendants ceased paying disability compensation to Plaintiff at that time. Plaintiff, who was unrepresented by counsel at the time, did not file a response to the Form 24. A Special Deputy Commissioner allowed Defendants' Form 24 request to terminate Plaintiff's benefits on January 9, 2001.
5. Plaintiff subsequently obtained counsel, and the Industrial Commission was informed of Plaintiff's representation on January 24, 2001. Plaintiff's counsel referred Plaintiff to Dr. Kathryn A. Caulfield, a board certified hand specialist, who saw Plaintiff on February 27, 2001. Dr. Caulfield recommended a repeat nerve conduction study, which she reviewed on April 27, 2001. At that time, Dr. Caulfield opined that Plaintiff had recurrent bilateral carpal tunnel syndrome, and recommended further surgery.
6. Dr. Warren B. Burrows, II, who became Plaintiff's primary treating physician for her occupational disease by agreement of the parties, examined Plaintiff on August 22, 2001. Dr. Burrows diagnosed Plaintiff with bilateral carpal tunnel syndrome, bilateral cubital tunnel syndrome, and status post right and left carpal tunnel release with recurrent residual symptoms. Dr. Burrows recommended median and ulnar nerve release surgery, which he performed in September and December 2001. On July 11, 2002, Dr. Burrows placed Plaintiff at maximum medical improvement, but did not believe Plaintiff would be able to return to work until her pain was under reasonable management.
7. Defendants voluntarily resumed disability compensation payments to Plaintiff on August 22, 2001. *Page 4 
8. Plaintiff filed a Form 33 Request for Hearing on the issue of whether the January 9, 2001, Form 24 approval had been improvidently entered. The matter was heard before Deputy Commissioner George T. Glenn, II, on June 25, 2003, and Deputy Commissioner Glenn filed an Opinion and Award in the matter on December 31, 2003. In his Opinion and Award, Deputy Commissioner Glenn found as fact that Plaintiff was justified in not returning to work for Defendant-Employer between November 14, 2000, and August 22, 2001, and concluded as a matter of law that Plaintiff had been temporarily totally disabled as a result of her occupational disease since July 18, 2000. Deputy Commissioner Glenn awarded Plaintiff temporary total disability compensation from November 14, 2000, until August 21, 2001, and continuing until further order of the Commission, less an attorney's fee for Plaintiff's counsel of 25% of the award to Plaintiff. Deputy Commissioner Glenn specifically directed Defendants to provide every fourth check of Plaintiff's ongoing disability compensation directly to Plaintiff's counsel.
9. Defendants appealed the Opinion and Award of Deputy Commissioner Glenn to the Full Commission, specifically challenging the Deputy Commissioner's finding of fact that Plaintiff was justified in not returning to work between November 14, 2000, and August 22, 2001. Defendants conceded that Plaintiff was entitled to disability compensation from August 22, 2001, and continuing.
10. On January 26, 2005, the Full Commission affirmed the Opinion and Award of Deputy Commissioner Glenn, expressly limiting its consideration to the issue of "whether plaintiff is entitled to temporary total disability compensation from 14 November 2000 to 22 August 2001." In its Opinion and Award, the Full Commission awarded Plaintiff temporary total disability compensation from November 14, 2000, to August 22, 2001, the time period during which Defendants had made no disability payments to Plaintiff, and noted that "[a]ll *Page 5 
compensation has accrued and shall be paid in a lump sum." As a reasonable attorney's fee, the Full Commission directed that 25% of the amount awarded to Plaintiff should be deducted and paid directly to Plaintiff's counsel.
11. On March 24, 2005, Plaintiff's counsel filed a motion with the Full Commission seeking to compel payment of the accumulated compensation awarded in the January 26, 2005, Opinion and Award. Before an order was issued in response to that motion, Defendants paid Plaintiff, through Plaintiff's counsel, the accumulated compensation due under the January 26, 2005, Opinion and Award. Plaintiff's counsel withdrew the motion to compel payment at that time. However, Defendants continued to fail to deliver to Plaintiff's counsel every fourth check of Plaintiff's ongoing disability compensation, as provided under Deputy Commissioner Glenn's December 31, 2003, Opinion and Award.
12. On August 21, 2006, Plaintiff's counsel filed a Motion for Attorney's Fees Previously Awarded with Deputy Commissioner Glenn, seeking payment of the attorney's fee awarded to Plaintiff's counsel on Plaintiff's continuing disability compensation as provided under the December 31, 2003, Opinion and Award, without deduction from the compensation paid to Plaintiff, as well as an additional attorney's fee of $500.00 for having to file the motion.
13. Deputy Commissioner Glenn granted the motion of Plaintiff's counsel in an Order filed October 9, 2006. In that order, Deputy Commissioner Glenn ordered Defendant-Carrier to pay Plaintiff's counsel the accrued attorney's fee awarded in the Deputy Commissioner's December 31, 2003, Opinion and Award, without deduction from the compensation already paid to Plaintiff, as well as an additional attorney's fee in the amount of $500.00 for having to bring the motion. *Page 6 
14. The Full Commission specifically finds as fact that the payment of 25% of accrued and ongoing temporary total disability compensation is a standard award of attorney's fees to a plaintiff's counsel by the Industrial Commission, and that the particular language used in the December 31, 2003, and January 26, 2005, Opinions and Awards to award an attorney's fee to Plaintiff's counsel is consistent with the standard language used to effect such an award. Defendants have submitted no evidence to justify a failure to seek clarification due to any confusion on the part of Defendants arising from the use of that standard in the present action.
15. The Full Commission finds the December 9, 2006, Order of Deputy Commissioner Glenn appropriate under the facts of the matter, and concurs with and adopts that Order as its own in the present action.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The December 31, 2003, Opinion and Award of Deputy Commissioner Glenn found that Plaintiff was disabled from July 18, 2000, and continuing, and awarded Plaintiff ongoing temporary total disability compensation. The December 31, 2003, Opinion and Award further awarded Plaintiff's counsel 25% of that ongoing disability compensation.
2. The January 26, 2005, Opinion and Award of the Full Commission was expressly limited to the issue of Defendants' liability for disability compensation between November 14, 2000, and August 22, 2001. Because Defendants conceded liability for disability compensation from August 22, 2001, and continuing, the Full Commission did not address the issue of Defendants' liability for Plaintiff's ongoing disability compensation, or the award of an *Page 7 
attorney's fee to Plaintiff's counsel based thereon, as awarded by Deputy Commissioner Glenn in the December 31, 2003, Opinion and Award.
3. The August 21, 2006, Motion for Attorney's Fees Previously Awarded filed by Plaintiff's counsel concerned only the attorney's fee awarded to Plaintiff's counsel on the ongoing disability compensation awarded to Plaintiff in Deputy Commissioner Glenn's December 31, 2003, Opinion and Award. It follows that the motion filed by Plaintiff's counsel was properly before Deputy Commissioner Glenn.
4. In accordance with Deputy Commissioner Glenn's December 31, 2003, Opinion and Award, Plaintiff's counsel is entitled to 25% of the ongoing disability compensation awarded to Plaintiff. To the extent that Plaintiff's counsel has not received that attorney's fee, an order directing Defendants to pay that fee is appropriate.
5. Although the December 31, 2003, Opinion and Award provides that the attorney's fee due Plaintiff's counsel is to be "deducted from the compensation due plaintiff and paid directly to plaintiff's attorney, " the Full Commission concludes that it would be unjust to penalize Plaintiff for Defendants' failure to adhere to the terms of the Award. Therefore, Plaintiff's counsel is entitled to receive the accrued attorney's fee awarded but not yet paid under the December 31, 2003, Opinion and Award, without deduction from the disability compensation already paid or to be paid to Plaintiff.
6. Because an award of 25% of accrued and ongoing temporary total disability compensation is a standard award of attorney's fees by the Industrial Commission, and because the language used in the December 31, 2003, and January 26, 2005, Opinions and Awards of the Commission is consistent with that standard award, Defendants should have known that they were obligated to pay to Plaintiff's counsel an attorney's fee of 25% of the ongoing temporary *Page 8 
total disability compensation due Plaintiff. Even to the extent that Defendants' failure to seek clarification of the award of attorney's fees in the present action might have been due to a mistake on the part of an insurance adjuster working for Defendant-Carrier, Defendants' failure to seek such clarification and to make appropriate attorney's fee payments in the present action is not justified by such a mistake.
7. The Full Commission further concludes that Plaintiff's counsel is entitled to an additional attorney's fee in the amount of $500.00 for having to file the August 21, 2006, motion seeking payment of the attorney's fee awarded under Deputy Commissioner Glenn's December 31, 2003, Opinion and Award.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendants shall pay to Plaintiff's counsel the accrued attorney's fee awarded but not yet paid on Plaintiff's continuing disability compensation as provided under the December 31, 2003, Opinion and Award, without deduction from the disability compensation already paid to Plaintiff.
2. Defendants shall pay to Plaintiff's counsel an additional attorney's fee in the amount of $500.00 for having the bring the present action.
3. Defendants shall continue to pay to Plaintiff's counsel the attorney's fee awarded on Plaintiff's continuing disability compensation as provided under the December 31, 2003, Opinion and Award, in accordance with that Award.
 4. Defendants shall pay the costs. *Page 9 
This the ___ day of March, 2008.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
 CONCURRING: S/_____________ LAURA K. MAVRETIC
 COMMISSIONER S/_____________ PAMELA T. YOUNG CHAIR *Page 1